IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | No. 12 cr 395 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| BRIAN JAMES MOUDRY | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

On May 24, 2012, defendant was charged in a three-count indictment with arson, in violation of 18 U.S.C. § 844(i) (Count I), use of fire in the interference with housing rights, in violation of 42 U.S.C. § 3631(a) (Count II), and use of fire in the commission of a felony, in violation of 42 U.S.C. § 844(h)(1) (Count III). Defendant has filed a motion to dismiss Count III of the indictment, claiming the indictment is multiplicitous and violates the Double Jeopardy Clause. For the reasons stated below, the motion is denied.

## BACKGROUND

The government alleges that on June 17, 2007, Brian Moudry used fire in an attempt to burn down a residence at 318 S. Reed Street in Joliet, Illinois, and that he did so because the residence was occupied by an African American family.

The indictment charges three counts based on this conduct. The first charge, arson, is in violation of 18 U.S.C. § 844(i), which states in relevant part:

> (i) Whoever maliciously damages or destroys, or attempts to damage or destroy, by means of fire or an explosive, any building, vehicle, or other real or personal property used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce shall be imprisoned for not less than 5 years and not more than 20 years, fined under this title, or both...

The second charge, use of fire in the interference with housing rights, is in violation of 42 U.S.C. § 3631(a), which states in relevant part:

> Whoever, whether or not acting under color of law, by force or threat of force willfully injures, intimidates or interferes with, or attempts to injure, intimidate or interfere with–
>
> (a) any person because of his race . . . and because he is or has been selling, purchasing, renting, financing, occupying, or contracting or negotiating for the sale, purchase, rental, financing or occupation of any dwelling . . .
>
> ... and if bodily injury results from the acts committed in violation of this section or if such acts include the use, attempted use, or threatened use of a dangerous weapon, explosives, or fire shall be fined under Title 18 or imprisoned not more than ten years, or both....

The third charge, use of fire in the commission of a felony, is in violation of 18 U.S.C. § 844(h)(1), which states in relevant part:

> Whoever–
>
> (1) uses fire or an explosive to commit any felony which may be prosecuted in a court of the United States . . .
>
> including a felony which provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device shall, in addition to the punishment provided for such felony, be sentenced to imprisonment for 10 years.

Defendant argues that the indictment is multiplicitous because double jeopardy precludes a district court from imposing consecutive sentences under Section 844(i) and Section 844(h). He also argues that a conviction under 42 U.S.C. § 3631 cannot serve as the predicate felony for a § 844(h) conviction because the latter is a lesser included offense of the former. Therefore, defendant asks the court to dismiss Count III of the indictment on double jeopardy grounds.

**DISCUSSION**

The Double Jeopardy Clause prevents a defendant from being tried and convicted multiple times for the same offense. Missouri v. Hunter, 459 U.S. 359, 365 (1983). Where the defendant faces multiple charges in the same trial, the Double Jeopardy Clause offers "protection against multiple punishments for the same offense," but "does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." Id. (internal citations omitted). If Congress chooses to impose multiple punishments for an offense, it may do so. Garrett v. United States, 471 U.S. 773, 779 (1985). The first step in the double jeopardy inquiry, therefore, is to determine whether Congress clearly intended for cumulative punishments for the same offense conduct under separate statutory provisions. United States v. Colvin, 353 F.3d 569, 572 (7th Cir. 2003). If Congress' intent is not clear, then the court must apply the test articulated in United States v. Blockburger, 248 U.S. 299 (1932).[1]

The first inquiry for the instant motion, therefore, is whether Congress intended for 18 U.S.C. § 844(h)(1) to enhance the sentence of a defendant when the underlying felony contains an enhancement for the use of fire. Two precedents guide the analysis of this matter: United States v. Konopka, 409 F.3d 837 (7th Cir. 2005) and United States v. Colvin, 353 F.3d 569 (7th Cir. 2003).

In Konopka, the Seventh Circuit held that a district court may not enhance a defendant's sentence under 18 U.S.C. § 844(h)(1) when the predicate felony is arson or conspiracy to commit

---

[1]The Blockburger test, although not applied in this opinion, is as follows: "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." Blockburger, 284 U.S. at 304.

3

arson. 353 F.3d at 839. The court reasoned that the policy that drives the Section 844(h) enhancement is Congress' view that crimes effected by means of fire are especially dangerous and should be punished severely, and that the very same policy rationale drives the arson statute. Because the same policy is embodied in both statutes, the court found that applying the enhancement to the underlying felony of arson would have been akin to Congress essentially increasing the sentence for arson by 10 years. The court found no indication that Congress intended such a result.

The court did note that Section 844(h) specifically contemplates a double enhancement in certain circumstances. In those cases where the predicate felony is "a felony which provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device," the double enhancement is proper. § 844(h)(1). But because arson and conspiracy to commit arson are not such distinct felonies, the Konopka court held that the Section 844(h) enhancement could not be applied to the underlying felony of arson. For this reason, defendant is correct that the court may not impose consecutive sentences based solely on violations of Section 844(i) and Section 844(h) of Title 18.

The government argues that the Seventh Circuit has consistently held that separate and consecutive punishments for violations of Section 844(i) and Section 844(h)(1) are permissible when the defendant is also charged with other felonies, which is consistent with the holding of Konopka. In many of those cases, the additional felony counts have involved mail fraud, and the courts have based the Section 844(h) enhancement on that predicate charge. See, e.g., United States v. Zendeli, 180 F.3d 879, 886 (7th Cir. 1999); United States v. Gardner, 211 F.3d 1049, 1056-57 (7th Cir. 2000); United States v. Pao Xiong, 595 F.3d 697, 699 (7th Cir. 2010).

The question in the instant case, therefore, is whether 42 U.S.C. § 3631 may serve as the predicate offense for the Section 844(h)(1) enhancement, much like the mail fraud charges

4

sustained the enhancement in Zendeli, Gardner, and Xiong. The Seventh Circuit has previously provided guidance on this point in United States v. Colvin, 353 F.3d 569 (2003), which allowed the application of the Section 844(h) enhancement to the felony of cross burning in violation of 42 U.S.C. § 3631. The court stated that cross burning is punished not just because the use of fire is dangerous, but because it is a form of racist intimidation. Therefore, unlike the arson statute, § 3631 is driven by the policy that these acts should be punished because they are methods of discriminatorily motivated intimidation. It is the act of intimidation that Congress seeks to punish under the statute, and that intimidation is punished more severely when it is accomplished through the use of a dangerous weapon such as fire.

In Colvin, the defendant argued that "when the underlying offense already contains an enhanced punishment for the use of fire," there was not evidence of a clear intent on the part of Congress to "override the ordinary presumption that Congress did not enact two statutes proscribing the same offense." Id. citing United States v. Busic, 446 U.S. 398, 405 (1980). The Seventh Circuit analyzed the 1988 amendment to the language of Section 844(h), which postdated the Busic analysis, and concluded that the new language of Section 844(h) "eliminate[d] any doubt about whether Congress intended to impose cumulative punishment when applied to statutes containing an enhanced punishment for the use of fire." The clear pronouncement within the statute that the enhancement was proper even for felonies "which provide[] for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device . . ." persuaded the court that the Section 844(h) enhancement could properly be applied to an offense under 42 U.S.C. § 3631. Colvin, 353 F.3d at 573; see also Konopka, 409 F.3d at 839 ("The statute contemplates some double enhancements, for the 10 years must be added on even to sentences for 'a felony which provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device.'") (citing Colvin).

5

Defendant pursues an argument similar to the one in Colvin, citing the language of United States v. Gardner, 211 F3d at 1056 n. 5, that "[t]here is simply no evidence in this statute [Section 844], its structure, or the legislative history that Congress has authorized consecutive punishments for arson and for arson in the course of the commission of another felony." Yet Colvin was decided after Gardner, and the Seventh Circuit declined to apply the Blockburger test in that case. Instead, the court concluded that "§ 844(h)(1) was designed to discourage offenders from choosing particularly dangerous means of accomplishing their objectives, and *Congress has made clear* that those who do are subject to punishment under § 844(h)(1) in addition to any enhanced punishment imposed for the underlying felony." Colvin, 353 F.3d at 575 (emphasis added).[2] The court acknowledged that "[t]he punishment for the use of fire in § 844(h)(1), when applied in conjunction with a felony already punishing the use of fire, is severe," but concluded that Congress intended this result.

Under the reasoning of Colvin, and the subsequent discussion of Colvin in Konopka, it is clear that § 3631 is one of the predicate felonies contemplated by § 844(h)(1) for double enhancement. The housing rights statute punishes the act of intimidation, and provides for enhanced punishment when such intimidation is accomplished through fire. It therefore fits squarely within the language of § 844(h)(1) that a double enhancement is proper for "a felony which provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device." Although defendant argues that the offense conduct that underlies the housing rights violation is essentially arson and should therefore be treated, for double jeopardy

---

[2] Defendant argues that the language declining to apply the Blockburger test is dicta and, because Colvin did not involve arson, that the Seventh Circuit had no occasion to consider when Congress intended the five year mandatory minimum for arson to run consecutive to the § 844(h) enhancement. The Colvin court, however, clearly found that Congress' intent was clear and intended that finding to be precedential.

6

purposes, as arson, there are additional elements to the § 3631 charge that distinguish it from arson. Further, Congress did not make this distinction in writing § 3631; whether the intimidation by use of fire is accomplished by means of cross burning or arson, each act is a violation of the statute.

Defendant replies heavily on language in Konopka distinguishing Blacharski v. United States, 215 F.3d 792 (7th Cir. 2000), which concerned the § 844(h) enhancement, because "one of the underlying felonies was indeed a form of arson, [and] at least one of the others . . . was not, and so the section 844(h) add-on was proper." Because defendant believes the offense conduct is "a form of arson," he claims his case is likewise distinguishable and there is the same double jeopardy violation as occurred in Konopka. This argument is an over-extension of the dicta in Konopka. The underlying felony here is not simple arson, but interference with a housing right. The use of fire enhancement available under the text of § 3631 was charged in connection with that felony, but that enhancement does not render the predicate felony inappropriate as the basis for a § 844(h) enhancement. At trial, the government cannot simply prove arson and obtain a conviction for a violation of § 3631. This argument is therefore unavailing.

Because § 3631 may properly serve as the predicate felony for a § 844(h) enhancement, the court finds no violation of the Double Jeopardy Clause.

## **CONCLUSION**

For the reasons given above, defendant's motion to dismiss Count III of the indictment is denied.

**ENTER:      December 5, 2012**

_____
**Robert W. Gettleman**

7

**United States District Judge**